# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

MARY L. SMITH, Individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

GOOGLE, LLC

    Defendant.

Case No. 4:26-mc-09007

[*Case No. 5:23-cv-03527-PCP
in the United States District Court
for the Northern District of California*]

## H&R BLOCK'S MOTION TO QUASH THIRD-PARTY 30(B)(6) SUBPOENA

Third-Party HRB Digital LLC ("H&R Block"), through undersigned counsel, moves this Court to quash Plaintiff's subpoena dated June 1, 2026, and served on June 22, 2026, seeking the June 25, 2026 deposition of a non-party corporate representative (the "Subpoena"). In support of this Motion, H&R Block states as follows:

## I.  INTRODUCTION

Plaintiffs have served a third-party Subpoena upon H&R Block with an eight-page rider seeking burdensome corporate representative testimony on eleven topics relating to information allegedly collected, retained, and/or used by H&R Block just three days prior to the noticed deposition date.[1] Plaintiffs' Subpoena is both unnecessary and non-compliant with Rule 45 given that: (i) non-party H&R Block's conduct has little or no relevance to the underlying claims asserted against Google, LLC ("Google") pertaining to Google's tracking technologies and the information specifically collected, retained, and/or used by Google; (ii) the information sought by the Subpoena is duplicative of information possessed and likely already produced by Google; and (iii) the

---

[1] A true and correct copy of the Subpoena and Return of Service is attached hereto as Exhibit A.

Subpoena imposes undue and disproportionate burdens on H&R Block, requiring it to identify, prepare, and produce corporate representative deponent(s) to testify on eleven broad and diverse topics involving particularized information; and (iv) H&R block would be required to further investigate and be prepared to testify about six specific "GA4 Custom Dimensions" involving a little-used platform that H&R Block did not use as its tag manager or analytics platform. Plaintiffs' Subpoena should be quashed for three reasons: **First**, the Subpoena does not afford H&R Block reasonable time for compliance. **Second**, the Subpoena is unduly burdensome and seeks irrelevant information, as H&R Block's testimony on the proposed topics would be costly to H&R Block while providing little benefit to this litigation. **Third**, to the extent the Subpoena seeks relevant information, such information is more properly sought from Google.[2]

## II. LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery from non-parties. *See Aldi Inc. v. Eagles' Landing Shopping Ctr., LLC*, 2025 WL 4582107, at *1 (W.D. Mo. May 16, 2025). The scope of allowable discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Taber v. Ford Motor Co.*, 2017 WL 3202736, at *2 (W.D. Mo. July 27, 2017) (citing *United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012). However, Rule 45 also requires "[a] party or attorney responsible for

---

[2] Counsel for H&R Block and Plaintiffs' counsel met and conferred on June 23, 2026, to discuss whether an amicable resolution could be achieved with respect to the Subpoena. The parties did not achieve a resolution, and Plaintiffs' counsel indicated that any resolution must be achieved before July 8, 2026. Although H&R Block will continue to discuss the parties' differences in good faith, it will be difficult if not impossible for H&R Block to meet Plaintiffs' timeline, as Plaintiffs did not serve H&R Block with the Subpoena until June 22, 2026, and did not provide their proposed framework to resolve the matter until June 23, 2026. The proposed resolution involves a voluntary declaration that contains very detailed information that would need to be carefully fact-checked and likely revised for accuracy—a process that would require identifying the relevant persons with knowledge, having them search H&R Block's records for responsive information, and having them verify or correct the accuracy of statements contained in the proposed declaration. These events coincide with the close of H&R Block's fiscal year and H&R Block's "Reboot Week" the week of June 29 to July 3, during which all personnel are off from work. Given these obstacles, H&R Block is doubtful it will be able to achieve a resolution within Plaintiffs' short time frame. Accordingly, in light of the noticed June 25 deposition date, and out of an abundance of caution, H&R Block files this Motion to Quash even as it will continue to discuss this matter with Plaintiffs' counsel.

issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "[t]he court for the district where compliance is required must enforce this duty . . . [.]" Fed. R. Civ. P. 45(d)(1). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

"Rule 45(d)(3)(A)(iv) requires courts to quash or modify a subpoena when it subjects a person to undue burden." *Enter. Holdings, Inc. v. McKinnon*, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014). The Eighth Circuit has joined other circuits which hold that "nonparties are afforded 'special protection against the time and expense of complying with subpoenas.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)); *see Enter. Holdings, Inc.*, 2014 WL 5421224, at *1 ("Courts have wide latitude in deciding motions to quash civil non-party subpoenas, and should give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense.") (citing *Swann v. Calahan*, 2011 WL 3608056, at *1 (E.D. Mo. Aug. 15, 2011). Further, "[d]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action . . . and '[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter No. 1*, 197 F.3d, at 925 (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

## III.    ARGUMENT

### 1.    Plaintiffs' Subpoena Does Not Provide H&R Block Reasonable Time to Comply

Plaintiff's Subpoena demands compliance and a deposition of a corporate representative on eleven discrete topics just three days from the date of service.[3] That does not satisfy the timing requirement imposed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45 provides that a subpoena must be quashed if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A); *see also Basich v. Patenaude & Felix*, APC, 2012 WL 2886663, at *3 (W.D. Mo. July 13, 2012) (citing *Blair v. City of Omaha*, 2009 WL 3631070 (D. Neb. Oct. 26, 2009)) ("[T]he Court quashed a subpoena because it did not provide the witness with a reasonable time to comply, as it was served only two days before the deposition date.").

Here, Plaintiff served H&R Block with a subpoena on June 22, 2026, seeking a corporate representative deposition on eleven complex, technical topics, to take place three days after service, on June 25, 2026. This falls significantly short of providing "reasonable time" for H&R Block "to comply." *Id.* at *1 (W.D. Mo. July 13, 2012) ("In the instant case, serving the deposition late in the evening of June 27, 2012, and expecting the witness to appear at 10:00 a.m. on June 29, 2012, was clearly unreasonable."); *Jacobson v. Hound Dog Pet Hotel, LLC*, 2005 WL 8164434, at *4 (D. Minn. May 23, 2005) ("Furthermore, the Plaintiff's Subpoena allowed only four (4) days for [third party] to respond, which we find to be an unreasonable time for compliance."); *.Anstead v. Virginia Mason Med. Ctr.*, 2023 WL 34505, at *3 (W.D. Wash. Jan. 4, 2023) (quashing subpoena because "the period of four business days with which [the witness] was given to comply

---

[3] Plaintiffs' counsel earlier provided counsel for H&R Block with a courtesy copy of the Subpoena, which H&R Block's counsel understood was sent for the purpose of discussion as to the date, scope of topics, and whether any deposition was appropriate. Plaintiffs then served the subpoena, unchanged, 3 days in advance of the compliance deadline. H&R Block's counsel never agreed to waive or accept service of the Subpoena. Plaintiff's counsel has provided no explanation for why they delayed effectuating service.

4

with the subpoena was unreasonable"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (finding service "five days before the deposition" unreasonable, especially where "Plaintiffs knew [deponent] was contesting any taking of his deposition."); *cf. In re Digital Resource, LLC*, 246 B.R. 357, 373 (B.A.P. 8th Cir. 2000) (affirming the imposition of sanctions for the party issuing a Subpoena that gave the non-party only forty-eight (48) hours to comply); Mo. Sup. Ct. R. 58.02 ("A subpoena to a non-party shall be served not fewer than 10 days before the time specified for compliance"). Indeed, it is doubtful under the facts of this case that proper service with a month's notice would have been sufficient. As explained further below, to comply with the Subpoena, H&R Block would be required to prepare one or more corporate representative witnesses to testify broadly about the eleven complex subject matters described in the Subpoena. See § III(2) *infra*. Requiring compliance with a corporate representative deposition of such breadth in such a short period of time is, thus, wholly unreasonable. *See Sanford v. Morris*, 2025 WL 3272079, at *2 (W.D. Mo. Nov. 24, 2025) (granting a non-party's motion to quash because 13 days was insufficient time to comply with a broad subpoena seeking confidential information") On that basis alone, the Court should quash the Subpoena.

## 2. <u>Plaintiffs' Subpoena Is Unduly Burdensome and Seeks Irrelevant Information</u>

The Court should separately and independently quash the Subpoena because it is unduly burdensome to H&R Block in violation of Rule 45(d)(1) and seeks irrelevant information. The factors required to be balanced by the trial court determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. *Miscellaneous Docket Matter No. 1*, 197 F.3d, at 925. Although irrelevance is not specifically listed among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining

motions to quash a subpoena. *In re Coordinated Pretrial Proceedings in Petroleum*, 669 F.2d 620, 623 (10th Cir. 1982) (when relevance is an issue the court must balance "the relevance of the information sought vis-à-vis the burden imposed upon the responding party"). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in a Rule 45 inquiry. *Miscellaneous Docket Matter No. 1*, 197 F.3d 922, at 927 (citations omitted). Here, the Subpoena imposes a significant burden on H&R Block while offering little in terms of information relevant to this proceeding. And to the extent the Subpoena seeks relevant information at all, such information, as explained more fully below, can be more efficiently and effectively produced by Google. *See* § III(3) *infra*.

Plaintiffs' recently filed Amended Complaint makes clear that the issues in this case are: whether "through its operation of Google Analytics tracking technology, Google intentionally intercepted, acquired, and contemporaneously obtained [Plaintiffs'] electronic communications," (Am. Compl, attached hereto as **Exhibit B**, at ¶ 66, *see also* Am. Compl. at ¶¶ 100-101, 118); whether "Google intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another," (*id.* at ¶ 80); whether "Google Analytics" constitutes "an electronic amplifying recording device," (*id* at ¶ 74), a wiretapping device, (*id.* at ¶¶ 81, 104, 112), or a "pen register," (*id.* at ¶ 88); and whether the information collected by Google constitutes "confidential information," (*id.* at ¶ 75), or "contents of electronic communications," (*id.* ¶ 102). Put differently, this is clearly a lawsuit against Google, regarding Google's use of tracking technologies and Google's collection and retention of data. Despite this, Plaintiff's Subpoena overwhelmingly seeks unduly burdensome information about H&R Block—not Google.

More than half of Plaintiff's proposed 30(b)(6) topics concern **only** information purportedly collected and retained by H&R Block using Google products or technologies. (Ex. 1, at Topic Nos. 5-10.) Other topics broadly seek information concerning H&R Block's use of **any** tracking technology, not just "Google Analytics." (*See id.* at Topic Nos. 2-3 (seeking all "Methods available to YOU to identify VISITORS to YOUR website(s)" and "Methods available to YOU to identify VISITOR ACTIONS taken by VISITORS on YOUR website.").) Although this is a case about Google, only two of Plaintiff's proposed 30(b)(6) topics actually mention Google, and even those topics broadly seek information regarding H&R Block's purported data collection and retention activities, regardless of whether such data was ever sent to or received by Google. (*See id.* at Requests No. 4 and 11.) The topics also address confidential "Visitor Information," which H&R Block must maintain as strictly confidential and may not disclose except under the limited circumstances permitted by 26 U.S.C. § 7216 and 26 C.F.R. §§ 301.7216-1 to 7216-3. Put simply, Plaintiffs are broadly seeking discovery of little to no apparent relevance, with the potential for serious intrusion into confidential "Visitor Information." Plaintiff is seeking this broad discovery despite awareness that H&R Block did not use Google Analytics as its tag management platform or as its primary analytics platform—making the relevance of H&R Block's data to this action all the more tenuous.[4]

This Court should not permit Plaintiffs to depose H&R Block on such broad, irrelevant, and sensitive topics. *See Enter. Holdings, Inc.*, 2014 WL 5421224, at \*1 (quashing subpoena seeking "sensitive" information that "would only be tangential to the issues in the underlying lawsuit"); *AssuredPartners, LLC v. Edgewood Partners Insurance Center, Inc.*, 2025 WL

---

[4] Further, the Subpoena sets forth several convoluted defined terms prepared by Plaintiffs that are difficult to understand. If a deposition were to proceed (one should not), the parties would require time to meet and confer to appropriately frame and limit the 30(b)(6) topics.

1797460, at *2 (E.D. Mo. June 27, 2025) (requesting party not entitled to irrelevant, confidential materials from non-party); *Gilmore v. Jones*, 339 F.R.D. 111 (W.D. Va. 2021) (quashing subpoena seeking information about non-parties while opposing party "makes only a cameo appearance in these requests"). H&R Block's general methods of tracking a term that Plaintiffs define as "Visitor Information," its sensitive and confidential data collection and retention platforms, its purported use of non-Google tracking technologies, and its possible collection or retention of visitor data have no bearing as to whether Google is liable to Plaintiffs.

Not only will the requested deposition provide little benefit to this litigation, compliance would impose a significant burden on H&R Block. If the requested deposition is permitted to proceed, H&R Block will be required to prepare a witness—or several witnesses—to testify broadly about eleven highly technical topics with 35 additional subparts and an appendix. These topics concern, among many other subjects, documents H&R Block has previously produced; different technology platforms and methods its uses to identify visitors and visitor actions; the purpose and operation of six specific "GA4 Custom Dimensions"; and the "visitor information," data, actions, and identifiers it collects, records, or retains, as well as various sub-parts concerning when it does or does not track such information, how it retains information, the time periods of retention, and its retention policies. Preparing a witness to testify on dozens of technical topics and sub-topics would be extraordinarily burdensome under the beast of circumstances, much less on three days' notice. This is a significant and unsupportable burden to impose on non-party H&R Block and would result in little, if any, testimony that is relevant to this proceeding given the minor role of Google Analytics as a technology platform for H&R Block. *See Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129, at *8 (W.D. Mo. Mar. 28, 2011) (quashing "overly broad and

8

unduly burdensome" subpoena that sought irrelevant information concerning third-party and its relationship with defendant). As such, the Subpoena should be quashed.

**3.** <u>**To the Extent the Subpoena Seeks Relevant Information, It Could Be More Easily Provided By Google**</u>

To the extent Plaintiffs claim that they are seeking relevant testimony concerning H&R Block's use of "Google Analytics" tracking technology (*see* Ex. 1, at Defined Term 5), that does not demonstrate that the discovery sought from H&R Block is appropriate under Rule 45(d)(1). Courts in this Circuit have clearly established that "a subpoena is unduly burdensome on a non-party if the information can be obtained from a party to the litigation." *AssuredPartners, LLC*, 2025 WL 1797460, at *2 (E.D. Mo. June 27, 2025). Indeed, courts have routinely quashed subpoenas seeking information from a third-party that could be sought from a party to the case. *Gregg v. B&G Transportations, LLC*, 2021 WL 1598969, at *5 (E.D. Mo. Apr. 23, 2021) (quashing a third party subpoena because the requested documents and information that were the subject matter of the third-party subpoena was available from defendant); *Watson v. Boyd*, 2019 WL 1499679, at *5 (E.D. Mo. Apr. 5, 2019) ("[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]).".

Information relevant to Plaintiffs' claims against Google is necessarily limited to records and details concerning the functionality of Google Analytics tracking technology and Plaintiff-specific information received and retained by Google. Google—not H&R Block—is in the best position to testify as to its own technology, and H&R Block is without knowledge as to what information, if any, Google actually received regarding Plaintiffs or any of the purported class members. *See In re Cantrell v. U.S. Bioservices Corp.,* No. 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009*)* (quashing a non-party subpoena because "the cost and

9

resources required to produce the information would be substantial. Further, [plaintiff] admits that the documents requested could be first sought from the party defendants."). Visitor information that H&R Block has collected regarding its own customers using platforms other than Google Analytics, retains confidentially on its own servers, and does not share with Google cannot shed any insight on what information, if any, Google received or retained from visitors to H&R Block's website, nor whether Google has or had any ability to identify the individuals associated with such data. Accordingly, any argument that the Subpoena may seek relevant information regarding Google should not preclude the Court from quashing the Subpoena.

## IV.    CONCLUSION

For these reasons, H&R Block requests that the Court quash the Subpoena and grant such other and further relief to which H&R Block may be justly entitled.


Dated: June 25, 2026                         Respectfully submitted,

                                             **BERKOWITZ OLIVER LLP**

                                             By:  */s/ Stacey R. Gilman*
                                                   Anthony J. Durone, MO Bar #43872
                                                   Stacey R. Gilman, MO Bar #55690
                                                   2600 Grand Boulevard, Suite 1200
                                                   Kansas City, Missouri 64108
                                                   Telephone:   (816) 561-7007
                                                   Facsimile:    (816) 561-1888
                                                   adurone@berkowitzoliver.com
                                                   sgilman@berkowitzoliver.com



                                                   *and*

10

**GREENBERG TRAURIG, LLP**

Gregory E. Ostfeld*
Paul Ferak*
360 North Green Street, Suite 1300
Chicago, IL 60607
Telephone: 312-456-1022
OstfeldG@gtlaw.com
FerakP@gtlaw.com
*Applications for pro hac vice admission forthcoming.*

**Attorneys for Third-Party HRB Digital LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, the above and foregoing was filed on the Court's

CM/ECF system, which provided notice of said filing to all counsel of record.

/s/ Stacey R. Gilman
**Attorney for Third-Party HRB Digital LLC**

11